**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | * | |
| BOTANICAL DECORATORS, INC. | * | Case No:  22-16223 MCR |
| Debtor | * | (Chapter 7) |

| | | |
|---|---|---|
| In re: | * | |
| LAURA J. MARGULIES, CHAPTER 7 TRUSTEE FOR CJ CAHILL DESIGN BUILD, INC., et al. | * * | |
| Plaintiffs | * | Adv. Proc. No.  23-00287 MCR |
| v. | * | |
| CHRISTOPHER JOHN CAHILL, et al. | * | |
| Defendants | * | |

| | | |
|---|---|---|
| In re: | * | |
| CHRISTOPHER JOHN CAHILL | * | Case No: 22-16740 MCR |
| Debtor | * | |

**MOTION BY CHAPTER 7 TRUSTEE FOR APPROVAL**
**OF COMPROMISE OF CLAIMS AGAINST DEFENDANTS**

Laura J. Margulies, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estates of CJ Cahill Design Build, Inc. ("Design Build") and Botanical Decorators, Inc. ("Botanical") (together, Design Build and Botanical are referred to in the aggregate as the ("Debtor Entities"), by and through undersigned counsel, hereby files this Motion for Approval of Compromise of Claims (the "Motion") against Christopher John Cahill and Richard Cahill,

1

pursuant to 11 U.S.C. § 105 and Federal Rules of Bankruptcy Procedure 9019 and 2002(a)(3), and in support states as follows:

**FACTS**

1. On November 7, 2022, the Debtor Entities filed a Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code (the "Petition Date").

2. On December 2, 2022, Christpher John Cahill ("Christopher") filed a Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code under Case No. 22-16740-MCR ("Individual Case").

3. The Trustee is the duly appointed and acting Trustee for the bankruptcy estates of the Debtor Entities and of Christopher.

4. Richard Cahill ("Richard") is the spouse of Christopher.

5. The Debtor Entities, through their President, Christopher, declared, under penalty of perjury, that the information on the Schedules and Statement of Financial Affairs ("SOFA") was true and correct.

6. The Debtor Entities were in the home remodeling and landscape design business licensed to do business in the State of Maryland, the District of Columbia and the State of Virginia.

7. The Trustee filed multiple Objections to Christopher's Amended Claim of Exemptions in the Individual Case ("Exemption Objections") relating to a $44,000 tax refund as well as additional personal property that the Trustee claimed exceeded the applicable exemptions and/or was not subject to an exemption as tenancy by the entireties due to the Debtor Entities' and the Individual Case's joint claims against Christopher and Richard.

8. On November 22, 2023, the Trustee filed a Complaint in this Adversary Proceeding against Christopher and Richard alleging various causes of action ("Complaint").

9. The Plaintiff, on behalf of the Debtor Entities alleged that the Debtor Entities were entitled to avoid Transfer made to or for the benefit of Christopher and Richard during the three (3) year period prior to the Petition Date (the "Preference Period"), including without limitation those transfers set forth on Exhibits A, B and C attached to the Complaint.

10. The Complaint alleges that, at the time of the Transfers, the Debtor Entities made payments on antecedent debts to Christopher and/or Richard during the applicable preference period on account of credit and/or loans provided by Christopher and/or Richard.

11. The Complaint alleges that Christopher, as an officer of the Debtor Entities, commingled the assets and obligations of the two (2) Debtor Entities.

12. The Complaint alleges that Christopher failed to maintain adequate books and records of the Debtor Entities to identify the reason funds were transferred for the benefit of Christopher and Richard.

13. The Complaint alleges that Christopher distributed assets of both Debtor Entities to former employees, vendors, subcontractors, and to Christopher and Richard without reasonably equivalent value or to hinder, delay or defraud other creditors, including customers, from receiving a distribution in bankruptcy.

14. The Complaint alleges that Christopher and Richard received avoidable Transfers from the Debtor Entities that were deposited into accounts owned as tenancy by the entirety.

15. The Complaint alleges that many Transfers were not accurately disclosed in the Cahill Schedules and Cahill SOFA nor were they accurately disclosed in Christopher's testimony at meetings of creditors in his individual case or the cases of the Debtor Entities.

16. The Parties engaged the services of a third-party mediator. After extensive negotiations lasting months between the Parties, and to avoid the significant costs of further

investigation into the facts in this case, the costs of litigation and the risk of loss, the Parties have reached an agreement (the "Settlement Agreement") to settle the claims regarding the Transfers between the Debtor Entities, on the one hand, and Christopher and Richard, on the other hand.

17. Under the Settlement Agreement below, Christopher and Richard agree to pay to the Estates the total sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00) ("Settlement Amount"). Christoher and Richard shall pay the Settlement Amount under the following terms:

    A. Within 5 business days of this Settlement Agreement, Christopher shall file in the Individual Case, a proposed Consent Order wherein the Exemptions Objection is resolved by (i) all assets of Christopher being deemed fully exempt, except (ii) a portion of Christopher's 401(k) retirement account, as scheduled at line 21 of Schedule A/B at docket entry 65 in the Individual Case, equal to Seventy Five Thousand Five Hundred Dollars and No Cents ($75,500.00), shall be deemed non-exempt (the "Non-Exempt 401(k) Portion"). For the avoidance of ambiguity, the whole of Christopher's retirement account, saving and excepting the Non-Exempt 401(k) Portion, shall remain fully exempt; the Trustee acknowledges the subject account contains funds well in excess of the Non-Exempt 401(k) Portion and the election to treat part – but not the whole – of the retirement account as non-exempt is the byproduct of a negotiated compromise. Should the Trustee not thereafter obtain the Non-Exempt 401(k) Portion (as defined below) in the time period set forth in Section C hereof, the Parties shall then jointly move to vacate the foregoing consent order and Christopher shall be deemed to have waived any temporal or statute of limitations-centric defense to any new objection to his exemptions filed by the Trustee and the parties may pursue litigation of the Adversary Proceeding.

    B. At such a time as the Trustee deems proper, but in no event more than six (6) months after entry of an order resolving the Exemptions Objection, the Trustee shall file a motion with this Court seeking turnover of the Non-Exempt 401(k) Portion from the custodian of Christopher's retirement account (the "Turnover Motion"). Christopher shall execute a consent order acknowledging his acquiescence to – and support of – the Turnover Motion (the "Turnover Consent Order").

    C. The Trustee, on behalf of herself, the Individual Case of Christopher, the bankruptcy estate of Botanical, the bankruptcy estate of Design Build, and each such respective estate's agents, successors, trustees, abandonees, subsidiaries, parents, affiliates, heirs and assigns, does hereby settle, release, waive, remise and discharge Christopoher's and Richard's (individually and collectively), together with Christopher's and Richard's respective successors, heirs, assigns, and closely held companies that are not presently debtors in bankruptcy, from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any of them has or ever had against Christopher and Richard, since the beginning of time through the Effective Date, *provided*,

however, that such release shall only become effective upon the Trustee obtaining the Non-Exempt 401(k) Portion in the time period specified in Section G hereof. The release set forth in this Section C shall be construed to be as broad as may be permitted under governing law, and expressly includes any claims the Trustee may have to assets of Christopher not otherwise disclosed in the Individual Case, *except* the Trustee does not release any claim to recover any asset individually valued at more than Ten Thousand Dollars and No Cents ($10,000.00) at the time the Individual Case was commenced, if such asset was not disclosed by Christopher – in his schedules, at a meeting held pursuant to Section 341 of Title 11 of the United States Code, or in another formal context – prior to the date of this Settlement Agreement.

Upon execution hereof, Christopher and Richard Cahill, on behalf of themselves, and each such respective person's agents, successors, trustees, abandonees, subsidiaries, parents, affiliates, heirs and assigns, does hereby settle, release, waive, remise and discharge the Trustee and the Estates of Design Build, Botanical and the Individual Case, together with her and their respective successors, heirs and assigns, from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any of them has or ever had since the beginning of time through the Effective Date. The release set forth in this Section C shall be construed to be as broad as may be permitted under governing law, and expressly includes any claims they may have as a result of paying the Non-Exempt 401(k) Portion herein.

D.  Within three (3) business days of the Trustee obtaining the Non-Exempt 401(k) Portion, the Parties shall file a joint stipulation of dismissal, with prejudice, in the Adversary Proceeding.

E.  The Parties acknowledge that prior to any of Christopher, Botanical, and Design Build becoming debtors in bankruptcy, one or more of the foregoing paid a retainer to The VerStandig Law Firm, LLC d/b/a The Belmont Firm, a portion of which was allocated to the provision of legal services for CJC & Associates Inc. The Trustee acknowledges such retainer is, either directly or derivatively, amongst the assets of Christopher deemed fully exempt by this Settlement Agreement, and does further consent to Christopher directing said retainer be re-allocated, by his counsel of record in the Individual Case, to cover such fees and expenses as may have been incurred by counsel in the Individual Case.

F.  Christopher shall reasonably cooperate in any actions the Trustee may pursue, formally or informally, against third parties, including through his production – within ten days of the filing with the Bankruptcy Court of a motion to approve the terms of this Settlement Agreement – of bank records of Botanical, for the period of June 1, 2021 through September 1, 2021.

G.  The Parties shall cooperate in efforts to effectuate the terms of the Turnover Consent Order. If the Trustee is not able to obtain the Non-Exempt 401(k) Portion within 45 calendar days of the entry of the Turnover Consent Order, the Parties may – but shall not be required to – stipulate to an additional period of time for such to occur, with such additional period of time being equal to not more than 60 calendar days. Should the Trustee remain unable to obtain

the Non-Exempt 401(k) Portion within the foregoing time period, this Settlement Agreement shall be void *ab initio* and the parties may continue to litigate their disputes.

       H.     The Settlement Payment will be made payable to "Laura J. Margulies, Trustee" and delivered to: Laura J. Margulies, Trustee at 401 N. Washington Street, Suite 500, Rockville, MD 20850,

       I.     Christopher and Richard will release any and all claims that they may have against the Estates of which there are none known upon the entry of the Order approving this Motion, and the Estates will release its claims against Christopher and Richard related to the Transfers identified herein upon payment of all sums owed hereunder.

       J.     This Settlement Agreement is conditioned upon entry of a final order by the U.S. Bankruptcy for the District of Maryland.

## **Legal Standard**

In approving a proposed settlement, the Bankruptcy Court must determine whether the settlement is in the best interests of the estate. While it is the obligation of a bankruptcy court to independently review a proposed compromise to determine whether it is fair, equitable, and in the best interests of the bankruptcy estate, settlements are to be encouraged. *See United States ex. rel. Rahman v. Oncology Associates, P.C.,* 269 B. R. 139, 149 (Banker. D. Md. 2001), *aff'd by,* 61 Fed. Appx. 860 (4th Cir. 2003). When recovering assets that may involve "protracted investigation or potentially costly litigation, with no guarantees as to the outcome, the trustee must tread cautiously—and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle." *In re Mailman Steam Carpet Cleaning Corp.,* 212 F.3d 632, 635 (1st Cir.), *cert. denied,* 120 S. Ct. 2661 (2000).

A bankruptcy court must examine whether the trustee's actions in settling fall within the universe of reasonable action, not whether pressing onward might produce more funds for the estate. *See In re Bowman*, 181 B. R. 836, 846 (Bankr. D. Md. 1995) ("The court may approve the settlement over objections, unless the proposed settlement falls below the lowest point of reasonableness") (*citing In re W. T. Grant Co.*, 699 F.2d 599, 608, 613 (2d Cir.), *cert. denied*, 464

U.S. 822 (1983)); *In re Ashford Hotels, Ltd.*, 226 B. R. 797, 802 (Bankr. S.D. N.Y. 1998) (viewing settlement within the "lowest point in the range of reasonableness").

In this case, the proposed settlement of the claims by the Debtor Entities against Christoher and Richard as set forth herein, falls within the reasonableness standards established for the Trustee's Proposed Compromise under Bankruptcy Rule 9019 and will result in the satisfaction of claims against Christohper and Richard and any and all claims Christopher and Richard may have against the Debtor Entities Estates'. Because of the uncertainty concerning the outcome of the potential litigation, the proposed settlement is reasonable and in the best interests of the Estates.

Pursuant to Maryland Local Bankruptcy Rule 9013-2, the Trustee has not filed a separate Memorandum of Law in support of this Motion and relies solely upon this Motion.

WHEREFORE, the Trustee requests that this Court grant the following relief:

A. For entry of an Order granting the Trustee's Motion for Approval of Compromise of Claims;

B. For entry of an Order authorizing the Trustee to enter into the Settlement Agreement described above;

C. Authorizing the Trustee to take any and all actions and to complete the administration of the Estate; and

D. Granting such other and further relief as this Court deems fair and just.

Respectfully Submitted,

Dated: April 4, 2024

 /s/ James M. Hoffman
James M. Hoffman (Bar #04914)
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
Telephone: (240) 507-1710
JHoffman@offitkurman.com
*Attorney for Laura J. Margulies, Chapter 7 Trustee*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 4th day of April 2024, a copy of the foregoing Motion to Approve Compromise, Notice and Proposed Order were served via this Court's CM/ECF system upon the following parties:

Parties under Adv Proc. No.: 23-00287:

- **Justin Philip Fasano**   jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; dmoorehead@mhlawyers.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- **James M. Hoffman**   jhoffman@offitkurman.com, mmargulies@offitkurman.com
- **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Parties under Christopher's case:

- **Corinne Donohue Adams**   cadams@yvslaw.com, cadams@yvslaw.com;pgomez@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;r39990@notify.bestcase.com
- **Justin Philip Fasano**   jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;dmoorehead@mhlawyers.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- **Leah Christina Freedman**   bankruptcy@bww-law.com, leah.freedman@bww-law.com
- **James M. Hoffman**   jhoffman@offitkurman.com, mmargulies@offitkurman.com
- **Lawrence A. Katz**   lkatz@hirschlerlaw.com, llewis@hirschlerlaw.com;aklena@hirschlerlaw.com;ndysart@hirschlerlaw.com
- **Michael J. Klima**   bankruptcy@peroutkalaw.com
- **Lynn A. Kohen**   lynn.a.kohen@usdoj.gov
- **Laura J. Margulies**   trustee@law-margulies.com, lmargulies@ecf.axosfs.com
- **John McKenna**   jackmckenna@asm-law.com
- **Gregory Christopher Mullen**   bankruptcy@bww-law.com, gregory.c.mullen@gmail.com
- **Jason S. Ordene**   jordene@bregmanlaw.com, mgomes@wtplaw.com
- **Jeffrey M. Orenstein**   jorenstein@wolawgroup.com
- **Daniel J. Pesachowitz**   dpesacho@siwpc.com, rjones@siwpc.com;bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com
- **Richard M. Sissman**   RSissmanesq@his.com
- **US Trustee - Greenbelt**   USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

    I FURTHER CERTIFY, that on this 4th day of April 2024, a copy of the foregoing Motion to Approve Compromise and Proposed Order were served via regular U.S. Mail, postage prepaid upon the following parties:

Christopher John Cahill
13312 Drew Lane
Potomac, MD 20854

Richard Cahill
13312 Drew Lane
Potomac, MD 20854

                                                */s/ James M. Hoffman*
                                                James M. Hoffman

4880-0632-9521, v. 5